# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: December 30, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| NATALIE ROWAN, | * | |
| | * | No. 10-272V |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

The undersigned issued a Decision denying entitlement in the above-captioned case on December 8, 2014.  Petitioner filed a motion for interim attorneys' fees and costs on October 26, 2015, while her case was on appeal to the United States Court of Appeals for the Federal Circuit. The Federal Circuit issued an Order dismissing petitioner's appeal on December 2, 2015.  On December 15, 2015, petitioner filed a status report stating that the invoice submitted October 26, 2015, as Exhibit 1 to Petitioner's Application for Attorneys' Fees and Costs, is the final invoice for attorneys' fees and costs in this case.

Petitioner requests attorneys' fees in the amount of $17,459.00.  Pet. Motion for Attorneys' Fees and Costs, filed October 26, 2015, at 1 ("Pet. Motion").  Respondent has raised objections to the hourly rates sought by petitioner's counsel.  For the reasons set forth below, the undersigned awards petitioner $17,362.00 in reimbursement for fees.

### I.      Procedural History

---

[1] Because this order contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

On May 3, 2010, Michael Rowan, on behalf of his daughter, Natalie Rowan[2] ("petitioner" or "Ms. Rowan"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[3]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Ms. Rowan alleged that as a result of receiving human papillomavirus ("HPV" or "Gardasil") vaccinations on August 21, 2007, November 12, 2007, and July 14, 2008, she developed headaches, difficulty walking, abdominal pain, dizziness, weight loss, bronchial spasms, and fatigue.  Petition at 1-2.

A Decision awarding interim attorneys' fees and costs in this case was issued on June 19, 2014.  That decision awarded attorneys' fees and costs incurred through February 3, 2014.  The undersigned issued a Decision denying entitlement to compensation on December 8, 2014.  Petitioner filed a motion for review on January 7, 2015, and the United States Court of Federal Claims issued an opinion denying petitioner's motion for review on May 18, 2015.  Petitioner filed a notice of appeal to the United States Court of Appeals for the Federal Circuit on July 20, 2015.  Petitioner filed a second motion for attorneys' fees and costs on October 26, 2015, while her case was still pending in the Federal Circuit.  Petitioner's October 26, 2015, motion represented a request for fees from February 4, 2013, to October 26, 2015.  See Pet. Motion.  The Federal Circuit issued an order dismissing the notice of appeal on December 2, 2015.  On December 15, 2015, petitioner filed a status report stating that the invoice submitted October 26, 2015, as Exhibit 1 to Petitioner's Application for Attorneys' Fees and Costs, is the final invoice for attorneys' fees and costs in this case.

Petitioner requests attorneys' fees in the amount of $17,459.00.  Pet. Motion at 1.  Petitioner states that no costs have been incurred since the payment of interim fees in July 2014.  Respondent filed a response to petitioner's motion for attorneys' fees and costs on October 28, 2015, objecting to the hourly rates sought by Attorney Finn and Ms. Lucas.  Resp. Response at 2.  Petitioner filed a reply on October 28, 2015.  The matter is now ripe for a decision on final attorneys' fees.

## II.    Reasonable Attorneys' Fees

Under the Vaccine Act, if a petition is not awarded compensation, "the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1).

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515

---

[2] Michael Rowan filed a motion to Amend the Caption on December 12, 2013, as Ms. Rowan had attained the age of majority.  The motion was granted the next day.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  As a general rule, a reasonable hourly rate is "'the prevailing market rate,' defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  Avera, 515 F.3d at 1348 (quoting Blum, 465 U.S. at 896).

### III.     Hourly Rate

As petitioner notes in her fee application, a Decision awarding $66,312.22 in interim attorneys' fees and costs in this case was issued on June 19, 2014.  In that Decision, the undersigned awarded attorneys' fees for Patricia Finn at a rate of $300 per hour work for performed in 2010-2011, and a rate of $310 per hour for work performed in 2012-2014.  See Decision Awarding Interim Attorneys' Fees and Costs, filed June 19, 2014, at 5.  The undersigned awarded $95 per hour for work performed by Jessica Lucas in 2010-2011, and $100 per hour for work performed by Ms. Lucas from 2012-2014.  Id.  The undersigned arrived at the rate differential by adjusting for inflation.

Consistent with the June, 2014, Decision, petitioner seeks $310 and $100 per hour for work performed in 2014 by Ms. Finn and Ms. Lucas, respectively.  Petitioner requests that an "upward adjustment for inflation be applied to the rates of Ms. Finn and Ms. Lucas for 2015, changing the rates to $320 per hour and $105 per hour, respectively."  Pet. Motion at 2.

Respondent objects to the hourly rates sought by Ms. Finn and Ms. Lucas.  Resp. Response at 2.  Respondent states that based on CPI inflation, Ms. Finn's rate should only increase to $312 per hour, and Ms. Lucas' rate should only increase to $101 per hour.  Id. at 5 (citing http://www.bls.gov/data/inflation_calculator.htm (last visited October 26, 2015)).  Accordingly, respondent argues that the 17.8 hours of attorney Finn's time should be compensated at $312 per hour, and .6 hours of Ms. Lucas' time should be compensated at $101 per hour.  Id.  Respondent had no objection as to the number of hours billed.

After a review of respondent's response and using the calculator at the above website, cited by respondent, the undersigned finds that $316 per hour for Ms. Finn and $102 per hour for Ms. Lucas are reasonable hourly rates for work performed in this matter in 2015.[4]

Ms. Finn's invoice shows that she billed 17.8 hours at a rate of $320 per hour to reflect work done in 2015.  This includes 4 hours billed for "[p]repar[ing] exhibits 103-105" and "fil[ing] exhibits 103-105."  See Pet. Motion Ex. 1 at 1.  Although these invoice entries are dated 2015 and billed at Ms. Finn's proposed 2015 rate, they appear to have been misdated, as this appears to be work performed in 2014.  The CM/ECF docket reflects that exhibits 103-105 were

---

[4] The Bureau of Labor Statistics CPI Inflation Calculator, cited by respondent, indicates that $100 in 2013 has the same buying power as $101.88 in 2015, and $310 in 2013 has the same buying power as $315.83 in 2015.  See http://www.bls.gov/data/inflation_calculator.htm (last visited December 16, 2015).

filed in 2014.  Accordingly, the undersigned will award Ms. Finn 2014 rates for those four hours and 2015 rates for 13.8 hours of work.

## IV.     Conclusion

The undersigned finds an award of attorneys' fees appropriate. In sum, the undersigned awards petitioners the following amount for attorneys' fees and costs:

> **$17,362.00** representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and petitioner's attorney of record, Patricia A.  Finn, in the amount of $17,362.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.